JS44
(Rev. 12/07)

CIVIL COVER SHEET

16-cv-1793

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

GEKP

**16 1793**

I (a) PLAINTIFFS

KARINA VARGAS

DEFENDANTS

FAMILY DOLLAR INC.

(b) COUNTY OF RESIDENCES OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) PA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT NC (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Robert Astrachan, Esquire
ZAJAC & ARIAS, LLC
1835 Market Street, Suite 2626
Philadelphia, PA 19103
215-575-7627

ATTORNEYS (IF KNOWN)

LOUIS HOCKMAN, ESQUIRE
**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**
Centre Square, West Tower
1500 Market Street, Suite 4100
Philadelphia, PA 19102
(215) 735-7200

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government Plaintiff
□ 3 Federal Question (U.S. Government Not a Party)
□ 2 U.S. Government
X 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | □ 1 | Incorporated or Principal Place of Business In This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business In Another State | □ 5 | X 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
□ 110 Insurance
□ 120 Marine
□ 130 Miller Act
□ 140 Negotiable Instrument
□ 150 Recovery of Overpayment & Enforcement of Judgment
□ 151 Medicare Act
□ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
□ 153 Recovery of Overpayment of Veterans Benefits
□ 160 Stockholders Suits
□ 190 Other Contract
□ 195 Contract Product Liability
□ 196 Franchise

**REAL PROPERTY**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
X 360 Other Personal Inury

**PERSONAL INJURY**
□ 362 Personal Injury - Med Malpractice
□ 365 Personal Injury -- Product Liability
□ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**CIVIL RIGHTS**
□ 441 Voting
□ 442 Employment
□ 443 Housing/ Accommodation
□ 444 Welfare
□ 440 Other Civil Rights

**PRISONER PETITIONS**
□ 510 Motion to Vacate Sentence Habeas Corpus
□ 530 General
□ 535 Death Penalty
□ 540 Mandamus & Other
□ Civil Rights
□ 555 Prison Conditions

**FORFEITURE/PENALTY**
□ 610 Agriculture
□ 620 Other Food & Drug
□ 625 Drug Related Seizure of property 21 USC 881
□ 630 Liquor Laws
□ 640 R R & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**LABOR**
□ 710 Fair Labor Standards Act
□ 720 Labor/Mgmt. Relations
□ 730 Labor/Mgmt. Reporting & Disclosure Act
□ 740 Railway Labor Act
□ 790 Other Labor Litigation
□ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
□ 462 Nautralization Application
□ 463 Habeas Corpus – Alien Detainee
□ 465 Other Immigration Actions

**BANKRUPTCY**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**SOCIAL SECURITY**
□ 861 hia (1395FF)
□ 862 Black Lung (923)
□ 863 diwc/diww (405(g))
□ 864 SSID Title XVI
□ 864 RSI (405(g))

**FEDERAL TAX SUITS**
□ 870 Taxes (U.S. Plaintiff or Defendant)
□ 871 IRS-- Third Party 26 USC 7609

**OTHER STATUTES**
□ 400 State Reapportionment
□ 410 Antitrust
□ 430 Banks and Banking
□ 450 Commerce
□ 460 Deportation
□ 470 Racketeer Influenced and Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Sat TV
□ 810 Selective SErvice
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410zation Act
□ 890 Other Statutory Actions
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 895 Freedom of Information Act
□ 900 Appeal of Fee Determination Under Equal Access to Justice
□ 950 Constitutionality of State Statutes

## V. ORIGIN (PLACE AN x IN ONE BOX ONLY)

□ 1. Original Proceeding
X 2 Removed from State Court
□ 3 Remanded from Appellate Court
□ 4 Reinstated or Reopened
□ 5 Transferred from another district (specify)
□ 6 Multidistrict Litigation
□ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: 28 U.S.C. 1332(a)(1) and 28 U.S.C. 1441(a)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION □ UNDER F.R.C.P. 23
DEMAND In excess of $75,000
Check YES only if demanded in complaint:
JURY DEMAND: X YES □ NO

## VIII. RELATED CASE(S) IF ANY

(See Instructions): Judge Docket Number

ST.

DATE: April 14, 2016

SIGNATURE OF ATTORNEY OF RECORD
LOUIS HOCKMAN, ESQUIRE

APR 14 2016

FOR OFFICE USE ONLY



FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:    1629 Swatera St., Harrisburg, PA

Address of Defendant:    North Carolina

**16    1793**

Place of Accident, Incident or Transaction: **1700 Washington Ave., Philadelphia, PA**

Does this case involve multidistrict litigation possibilities?                                              Yes ☐    No X

RELATED CASE IF ANY
Case Number: _____    Judge _____    Date Terminated: _____

Civil Cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within
   one year previously terminated action in this court?                                    Yes ☐    No X
2. Does this case involve the same issue of fact or grow out of the same transaction
   as a prior suit pending or within one year previously terminated action in this
   court?                                                                                   Yes ☐    No X
3. Does this case involve the validity or infringement of a patent already in suit or
   any earlier numbered case pending or within one year previously terminated action
   in this court?                                                                           Yes ☐    No X
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights
   Case filed by the same individual?                                                       Yes ☐    No X

CIVIL:  (Place in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. Indemnity Contract, Marine Contract, and All
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All Other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. X Other Personal Injury (Please specify) – Slip and Fall
7. Products Liability
8. Products Liability - Asbestos
9. All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,  LOUIS HOCKMAN, ESQUIRE, counsel of record do hereby certify:

   Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   Relief other than monetary damages is sought.

DATE:   April 14, 2016    _____
                          LOUIS HOCKMAN, ESQUIRE
                          Attorney-at-Law           Attorney ID # 52170

NOTE:  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this curt exc  t as noted above.

DATE:   April 14, 2016    _____
                          LOUIS HOCKMAN, ESQUIRE
                          Attorney-at-Law           Attorney ID # 52170

APR 14 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| KARINA VARGAS | CIVIL ACTION |
|---|---|
| vs. | **16    1793** |
| FAMILY DOLLAR INC. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.    (See ' 1:03 of the plan set forth on the reverse side of this form.)    In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)    Habeas Corpus -- Cases brought under 28 U.S.C.
' 2241 through ' 2255.                                                                         (    )

(b)    Social Security -- Cases requesting review of a
decision of the Secretary of Health and Human
Services denying plaintiff Social Security Benefits.          (    )

(c)    Arbitration -- Cases required to be designated for
arbitration under Local Civil Rule 53.2.                              (    )

(d)    Asbestos -- Cases involving claims for personal
injury or property damage from exposure to
asbestos.                                                                                    (    )

(e)    Special Management -- Cases that do not fall into
tracks (a) through (d) that are commonly referred
to as complex and that need special or intense
management by the court.    (See reverse side of
this form for a detailed explanation of special
management cases.)                                                                (    )

(f)    Standard Management -- Cases that do not fall into
any one of the other tracks.                                              ( X )

DATE:    April 14, 2016    _____

LOUIS HOCKMAN, ESQUIRE
Attorney-at-Law                    Attorney ID # 52170

APR 14 2016

**GEKP**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KARINA VARGAS | CIVIL ACTION |
| vs. | NO. **16 1793** |
| FAMILY DOLLAR INC. | |

## REMOVAL PETITION

**TO:  THE HONORABLE JUDGES OF THE DISTRICT COURT FOR EASTERN DISTRICT OF PENNSYLVANIA**

As removing party, FAMILY DOLLAR STORES OF PENNSYLVANIA, LLC (I/D/A FAMILY DOLLAR INC.) files this Notice of Removal/Consolidation of the above-captioned matter from the Court of Common Pleas, Philadelphia County, the Court in which it is now pending to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendant, avers as follows:

1.     The instant action was commenced by way of Writ of Summons filed in the Court of Common Pleas, Philadelphia County on or about March 21, 2016, and docketed as No. 1603-1948.  See Exhibit "A".

2.     On April 12, 2016, Plaintiff filed her Complaint in the matter referenced in the prior paragraph. See Exhibit "B".

3.     The Complaint identifies Plaintiff, Karina Vargas, as a residing at 1629 Swatera Street in Harrisburg, Pennsylvania. Id.

4.     Named Defendant, Family Dollar Inc., is not a legally recognized entity.

5.     Rather, the entity that owns and operates all Family Dollar Stores in the Commonwealth of Pennsylvania is "Family Dollar Stores of Pennsylvania, LLC."

6. "Family Dollar Stores of Pennsylvania, LLC" is a wholly owned subsidiary of Family Dollar Stores, Inc.

7. Family Dollar Stores, Inc. is a wholly owned subsidiary of Dollar Tree, Inc., which is a publicly traded corporation.

8. "Family Dollar Stores of Pennsylvania, LLC" is organized under the laws of the Commonwealth of Virginia with a principal place of business in North Carolina.

9. On March 29, 2016, the undersigned counsel for Defendant contacted counsel for Plaintiff and requested that the parties stipulate that Plaintiff's damages do not exceed $75,000 in order to defeat the jurisdictional limit for removal of the instant matter to federal court based on diversity of citizenship  See Exhibit "C".

10. Plaintiff's counsel advised that no such stipulation would be made.  Id.

11. Thus, Moving defendant, believes and therefore avers that the amount in controversy, based upon plaintiff's original process, will exceed the jurisdictional amounts required for jurisdiction to exist in District Court exclusive of interest and costs.

12. This notice is timely, having been filed within thirty (30) days of Defendant learning that this matter is removable to the federal courts.

13. This action is removable from State Court to this Court based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1) and 28 U.S.C. §1441(a).

14. This Court has jurisdiction over this case.

WHEREFORE, Moving Defendant respectfully requests that the above-captioned action be removed from the Court of Common Pleas, Philadelphia County to the District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**MINTZER, SAROWITZ, ZERIS, LEDVA
& MEYERS, LLP**

BY:_____

LOUIS HOCKMAN, ESQUIRE
Attorney for Defendant, FAMILY DOLLAR STORES OF
PENNSYLVANIA, LLC (I/D/A FAMILY DOLLAR
INC.)
Centre Square, West Tower
1500 Market Street
Suite 4100
Philadelphia, PA 19102
(215) 735-7200
**MSZL&M File No. 003530.000198**

## CERTIFICATE OF SERVICE

I, LOUIS HOCKMAN, ESQUIRE, do hereby certify that a true and correct copy of the within Petition for Removal was forwarded via e-mail and U.S. Mail on the 14th day of April, 2016 as follows:

Robert Astrachan, Esquire
Zajac & Arias LLC
1835 Market Street, Suite 2626
Philadelphia, PA 19103

LOUIS HOCKMAN, ESQUIRE

# EXHIBIT "A"



**ZAJAC & ARIAS, LLC**

BY:     **Robert L. Astrachan, Esquire**
**Pennsylvania ID No.: 316403**                    **Attorney for Plaintiff**
**Robert@TeamLawyers.com**
**1835 Market Street, 26th Floor**
**Philadelphia, PA 19103**
**(215) 575.7627; (215) 575.7640 (Fax)**

| | |
|---|---|
| KARINA VARGAS | : COURT OF COMMON PLEAS |
| 1629 Swatera St. | : |
| Harrisburg, Pennsylvania 17104 | : PHILADELPHIA COUNTY |
| | : |
| Plaintiff, | : CIVIL LAW ACTION |
| | : |
| v. | : MARCH TERM, 2016 |
| | : |
| FAMILY DOLLAR INC. | : CASE NO. |
| 1700 Washington Ave. | : |
| Philadelphia, Pennsylvania 19146 | : |
| | : |
| Defendant. | : |

## PRAECIPE TO ISSUE WRIT OF SUMMONS

TO THE PROTHONOTARY:

Kindly issue a Writ of Summons on Defendant Family Dollar Inc. in connection with the

above-referenced matter.

Respectfully Submitted,

**ZAJAC & ARIAS LLC**

Robert L. Astrachan, Esq.
Attorney for Plaintiff

DATED: March 21, 2016

Case ID: 160301948

C.P.97

# Commonwealth of Pennsylvania
## CITY AND COUNTY OF PHILADELPHIA

SUMMONS
*CITACION*

KARINA VARGAS
1629 Swatera St.
Harrisburg, Pennsylvania 17104

COURT OF COMMON PLEAS

March _____ Term, 20 16

No. _____

*vs.*

FAMILY DOLLAR INC.
1700 Washington Ave.
Philadelphia, Pennsylvania 19146

To[(1)]

FAMILY DOLLAR INC.
1700 Washington Ave.
Philadelphia, Pennsylvania 19146

You are notified that the Plaintiff[(2)]
*Usted esta avisado que el demandante[(2)]*

KARINA VARGAS
1629 Swatera St.
Harrisburg, Pennsylvania 17104

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



JOSEPH H. EVERS
*Prothonotary*

By _____

Date _____

160301948
21 MAR 2016 04:25 pm
OF MALVESTUTO

[(1)] Name(s) of Defendant(s)
[(2)] Name(s) of Plaintiff(s)

10-208 (Rev. 6/00)

Case ID: 160301948

Case ID: 160301943

## COURT OF COMMON PLEAS

<u>March</u>        **Term, 20** <u>16</u> **No.** _____

KARINA VARGAS
1629 Swatera St.
Harrisburg, Pennsylvania 17104


**vs.**

FAMILY DOLLAR INC.
1700 Washington Ave.
Philadelphia, Pennsylvania 19146

**SUMMONS**

# EXHIBIT "B"

3530.0198

 **ZAJAC &**
**ARIAS,** LLC

BY:     Robert L. Astrachan, Esquire
Pennsylvania ID No.: 316403          **Attorney for Plaintiff**
Robert@TeamLawyers.com
1835 Market Street, 26th Floor
Philadelphia, PA  19103
(215) 575.7627; (215) 575.7640 (Fax)

Filed and Attested by the
Office of Judicial Records
10 APR 2016 03:17 pm
J. OSTROWSKI

| | |
|---|---|
| KARINA VARGAS<br>1629 Swatera St.<br>Harrisburg, Pennsylvania 17104 | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| Plaintiff, | CIVIL LAW ACTION |
| v. | MARCH TERM, 2016 |
| FAMILY DOLLAR INC.<br>1700 Washington Ave.<br>Philadelphia, Pennsylvania 19146 | CASE NO. 1948 |
| Defendant. | |

**NOTICE AVISO**

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court with only such further notice to you as may be required by law, for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE, OR IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL AND INFORMATION SERVICE
ONE READING CENTER
1101 MARKET STREET
PHILADELPHIA, PA 19107
TEL: (215) 238-1701

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de las demanda y la nonficacion, llace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demands en contra de su persona.  Sea avisado que si ustedno se defiendo la corta tomara medidas y puede continuar la demanda en contra suya sin previo aviso o nonficacion. Ademis, la corta puede decidir a favor del demandante y requiere que usted compla con indas las provisiones de estra demanda Usted puede perder dinero o sus propiedades u otius derechos importantes para usted.

LLEVE     ESTA     DEMANDA     A     UN     ABOCADO IMMEDIATAMENTE SI NO TIENE ABOCADO O SI NO TIENE EL DINFRO SUFICIENTE DE PACSR TEL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERICUAR DONDE SE PUEDE CONSECUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE
FILADELFIA, SERVICIO DE REFERENICA
ONE READING CENTER
1101 MARKET STREET
FILADELFIA, PA 19107
E INFORMACION LEGAL  TEL: (215) 238-1701

Case ID: 160301948


## ZAJAC &
## ARIAS, LLC

BY:      Robert L. Astrachan, Esquire
Pennsylvania ID No.: 316403
Robert@TeamLawyers.com
1835 Market Street, 26th Floor
Philadelphia, PA 19103
(215) 575.7627; (215) 575.7640 (Fax)

**Attorney for Plaintiff**

KARINA VARGAS
1629 Swatera St.
Harrisburg, Pennsylvania 17104

   Plaintiff,

   v.

FAMILY DOLLAR INC.
1700 Washington Ave.
Philadelphia, Pennsylvania 19146

   Defendant.

: COURT OF COMMON PLEAS
:
: PHILADELPHIA COUNTY
:
: CIVIL LAW ACTION
:
: MARCH TERM, 2016
:
: CASE NO. 1948
:
: **MAJOR JURY**
:
:

## CIVIL ACTION
## COMPLAINT PREMISES LIABILITY

### COUNT I - NEGLIGENCE

1. Plaintiff Karina Vargas is an adult individual residing at the above captioned address.

2. Defendant Family Dollar Inc. (Herinafter "Family Dollar") is a corporation licensed and

registered to do business in Philadelphia, Pennsylvania operating variety stores throughout the

city of Philadelphia and the State of Pennsylvania.

3. At all material times, Defendant Family Dollar owned and/or operated and/or controlled, and

had a duty to maintain its premises at 400 South 400 S. Cameron Street in Harrisburg,

Pennsylvania (Hereinafter "premises").

4. At all material times, the actions or inactions of Defendant Family Dollar were carried out by

its duly authorized agents, servants, workmen and/or employees, who were conducting

themselves within the course and scope of their employment and/or their authority.

5. At all material times, Defendant Family Dollar as owners, occupiers and or managers of the premises were under a duty to maintain said premises in a safe condition for all persons, tenants, patrons, invitees, business invitees and pedestrians entering said premises including Plaintiff.

6. On or about June 18, 2015 at approximately 6:30 p.m., Plaintiff was entering Defendant's premises as a business invitee when due to a dangerous condition she slipped and fell at/or near the entrance causing her to suffer serious and permanent injuries more fully described below.

7. Plaintiff believes, and therefore avers, that Defendant Family Dollar, by and through its agents, servants, workmen and/or employees had actual and/or constructive notice of the existence of a dangerous, defective and hazardous condition(s) at or near the entrance of the premises for an unreasonable length of time prior to the happening of the fall.

8. Notwithstanding its duties, Defendant Family Dollar did on the date of the aforesaid and for some time prior thereto, carelessly and negligently allowed a dangerous, defective and hazardous condition(s) to be and remain on the premises, thereby making the premises dangerous and hazardous for persons to traverse same.

9. The carelessness and negligence of the Defendant by and through its authorized agents, servants, workmen and/or employees, consisted of the following:

　　a. In failing to keep the Premises in a reasonably safe condition for persons lawfully traversing same;

　　b. In permitting dangerous conditions to be and remain on the Premises when the Defendant knew or in the exercise of reasonable care should have known of the dangers involved;

　　c. In failing to warn persons and Plaintiff in particular of the dangerous condition(s) created by the above-described hazard(s).

d. In failing to remove, blockade, cover or otherwise remedy the dangerous condition(s) of which the Defendant knew or in the exercise of reasonable care should have known;

e. In permitting persons and Plaintiff in particular to traverse the Premises when the Defendant knew or in the exercise of reasonable care should have known that it was dangerous to do so and involved and unreasonable risk of harm to persons so doing;

f. In failing to provide persons lawfully using the Premises with a safe area to traverse said Premises;

g. In failing to inspect the Premises to discover the dangerous conditions or in inspecting so carelessly as not to have discovered the dangerous condition(s);

h. In maintaining the Premises in an improper manner or in employing personnel who were not sufficiently qualified to maintain the Premises in a proper manner;

i. In inspecting the Premises in an improper manner or in employing personnel who were not sufficiently qualified to inspect the Premises in a proper manner;

j. In failing to hire, employ or retain personnel sufficiently qualified to supervise maintenance of the Premises;

k. In failing to provide and/or maintain adequate visual or other cues (e.g. blockades) to alert and remind persons traversing thereon of the dangerous condition(s);

l. In failing to maintain the entrance of the store safe for ingress and egress; and

m. In failing to apply with applicable federal laws and regulations, including, but not

limited to 29 C.F.R. 1910.22(a)(1), (a)(2).

10. Solely as a result of the aforesaid carelessness and negligence of the Defendant Family

Dollar by and through its authorized agents, servants, workmen and/or employees, and the

resulting dangerous condition of the Premises as aforesaid, Plaintiff was caused to suffer various

injuries including, but not limited to: left tibia fracture and left tibia fracture; and great physical

pain and mental anguish, some or all of which may be permanent in nature.

11  As a further result of the aforesaid injuries, Plaintiff has been compelled to expend various

sums of money for medicines, surgery and medical attention, and has been prevented from

attending to her usual activities and duties, all to her detriment and financial loss.

12. As a further result of the aforesaid incident, the Plaintiff suffered physical pain and mental

anguish and humiliation and may continue to suffer same for an indefinite period of time in the

future.

WHEREFORE, Plaintiff demands judgment against the Defendant Family Dollar in an

amount in excess of Fifty Thousand Dollars ($50,000.00), together with lawful interest and costs.

Respectfully Submitted,

**ZAJAC & ARIAS LLC**

Robert L. Astrachan, Esq.
Attorney for Plaintiff

DATED: April 12, 2016

## VERIFICATION

I, Robert L. Astrachan, Esquire, hereby state: I am an attorney at Zajac & Arias, LLC, who represents Plaintiff Karina Vargas in this action. Plaintiff's first language is Spanish, and Plaintiff does not speak or read English well. I have translated and explained the contents of this Complaint to Plaintiff in Spanish and she has stated that the information contained therein is accurate and truthful to the best of her ability. Therefore, it is accordingly verified that the statements made in the foregoing Complaint are true and correct to the best of Plaintiff's knowledge, information and belief, and that this statement is made subject to the penalties of 18 Pennsylvania Consolidated Statutes § 4904 related to unsworn falsification to authorities.

DATED: _____ April 12, 2016

Robert L. Astrachan, Esquire

 **ZAJAC & ARIAS, LLC**

BY:      Robert L. Astrachan, Esquire
Pennsylvania ID No.: 316403
Robert@TeamLawyers.com
1835 Market Street, 26th Floor
Philadelphia, PA  19103
(215) 575.7627; (215) 575.7640 (Fax)

**Attorney for Plaintiff**

| | |
|---|---|
| KARINA VARGAS<br>1629 Swatera St.<br>Harrisburg, Pennsylvania 17104 | : COURT OF COMMON PLEAS<br>:<br>: PHILADELPHIA COUNTY |
| Plaintiff, | : CIVIL LAW ACTION |
| v. | : MARCH TERM, 2016 |
| FAMILY DOLLAR INC.<br>1700 Washington Ave.<br>Philadelphia, Pennsylvania 19146 | : CASE NO. 1948 |
| Defendant. | : |

## CERTIFICATE

I do hereby certify that the service of a true and correct copy of the within Plaintiff's

Complaint was made this 12th day of April, upon all counsel of record via e-filing in accordance

with the requirements of §1.54, relating to service by a party.

**Louis Hockman, Esquire**

Respectfully Submitted,

**ZAJAC & ARIAS LLC**

Robert L. Astrachan, Esq.
Attorney for Plaintiff

DATED: April 12, 2016

# EXHIBIT "C"

## Kate Wilkens

**To:**          Robert Astrachan
**Subject:**     RE: Vargas vs. Family Dollar  003530.000198

Mr. Astrachan:  This will confirm our telephone conversation of March 29, 2016, at which time you advised that you are of the opinion that your client's claim has a value which exceeds $75,000.00.

**Louis Hockman**
**Mintzer Sarowitz Zeris Ledva & Meyers, LLP**
Tel  215.735.7200
LHockman@DefenseCounsel.com

**From:** Robert Astrachan [mailto:Robert@teamlawyers.com]
**Sent:** Tuesday, March 29, 2016 1:08 PM
**To:** Louis Hockman
**Subject:** Re: Vargas vs. Family Dollar

Counsel:

Thank you for calling to introduce yourself on the above referenced case.

I will await your praecipe and proceed accordingly.

Below you can find my contact information.

Best Regards,

**Robert L. Astrachan, Esq.**
Zajac & Arias LLC
1835 Market St., Suite 2626
Philadelphia, PA 19103
Tele:  215-575-7627
Cell: 787-399-9120
Fax:  215-575-7640

1