IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KARINA VARGAS,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FAMILY DOLLAR STORES** | : | **NO. 16-1793** |
| **OF PENNSYLVANIA LLC,** | : | |
| **Defendant.** | : | |

## ORDER

**AND NOW**, this 16th day of June, 2016, in consideration of the plaintiff's Motion for Remand (Doc. No. 2) and the defendant's response in opposition to the Motion for Remand (Doc. No. 4), the exhibits attached thereto, and the parties' joint stipulation that the caption shall be corrected (Doc. No. 6), it is hereby **ORDERED** that:

1. The Motion for Remand is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**;

2. The parties shall promptly conduct limited discovery as to the issue of the defendant's citizenship for purposes of establishing diversity, which shall be completed by **July 15, 2016**;

3. The plaintiff may file an amended motion for remand on or before **July 22, 2016**.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARINA VARGAS, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FAMILY DOLLAR STORES | : | NO. 16-1793 |
| OF PENNSYLVANIA LLC, | : | |
|     Defendant. | : | |

MEMORANDUM

PRATTER, J.                                                                                                          JUNE 16, 2016

The Plaintiff, Karina Vargas, alleges that she fractured her leg when she fell at a "Family Dollar" store located in Harrisburg, Pennsylvania. She contends her fall was due to a dangerous condition on the premises. She initially filed a lawsuit in the Court of Common Pleas, Philadelphia County against "Family Dollar, Inc." The defendant contends that no such company exists and the parties have since stipulated that "Family Dollar Stores of Pennsylvania, LLC" should be substituted as the defendant in place of "Family Dollar, Inc."

After the lawsuit was filed in state court, the defendant removed the action on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. Ms. Vargas has filed a motion for remand asserting that the defendant cannot meet its burden of establishing complete diversity between the parties. This motion also requests, in the alterative, the opportunity to conduct limited discovery of the defendant in order to determine its citizenship.

I.   STANDARD OF REVIEW

The instant motion is governed by the federal remand statute, 28 U.S.C. § 1441, which allows a defendant to remove an action brought in state court if it could have been brought in federal court in the first instance. *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*,

1

624 F. Supp. 2d 396, 408 (E.D. Pa. 2009). The district courts have original jurisdiction to hear civil actions either when the action "aris[es] under the Constitution, laws or treaties of the United States, or if the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). Removal statutes are strictly construed against removal "and all doubts should be resolved in favor of remand." *Coggins v. Keystone Foods, LLC*, 111 F. Supp. 3d 630, 633 (E.D. Pa. 2015) (citing *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). A party asserting the district court has original jurisdiction to hear the matter bears the burden of providing that jurisdiction exists by the preponderance of the evidence. *Frederico v. Home Depot*, 507 F.3d 188, 196 n.6 (3d Cir. 2007) (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993) ("Defendants seeking removal may meet that burden by a preponderance of evidence . . . which we take to mean proof to a reasonable probability that jurisdiction exists."). On a motion for remand, the Court "assumes as true all factual allegations in the complaint." *Coggins*, 11 F. Supp. 3d at 633 (citing *Steel Valley*, 809 F. 2d at 1010).

II. **DISCUSSION**

Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . . ." The plaintiff concedes that the amount in controversy here exceeds $75,000. The parties also agree that Ms. Vargas is a natural person residing in Harrisburg, Pennsylvania, and, therefore, is a Pennsylvania citizen for purposes of establishing diversity. Consequently, the only question in dispute is the citizenship of the defendant, Family Dollar Stores of Pennsylvania, LLC.

Ms. Vargas argues in her motion that based upon the evidence in the record, the defendant has failed to meet its burden showing the citizenship of the lessee of the property in question. Ms. Vargas also argues that, assuming Family Dollar Stores of Pennsylvania, LLC is the lessee of the property, the defendant has not established diversity by identifying the citizenship of the LLC's members. Ms. Vargas argues that she is entitled to discovery on these jurisdictional issues.

As explained above, subsequent to the filing of motion papers, the parties entered a stipulation substituting "Family Dollar Stores of Pennsylvania, LLC" as the correct defendant and removing "Family Dollar, Inc.," from the caption. The defendant has also attached to its briefing a copy of the lease for the property in question, identifying "Family Dollar Stores of Pennsylvania, LLC" as the lessee. Therefore, the Court finds that there is no ongoing dispute as to the proper defendant.

Given that Family Dollar Stores of Pennsylvania, LLC, is the proper defendant, the Court must determine whether the citizenship of this entity defeats diversity jurisdiction. The defendant alleges that the LLC is a citizen of Virginia, though, for obvious reasons, the Complaint does not so aver. In support, the defendant has attached a copy of the Operating Agreement of Family Dollar Stores of Pennsylvania, LLC, to its briefing in opposition to Plaintiff's motion. The Agreement states that the LLC was formed under the laws of the Commonwealth of Virginia and that the LLC's principal place of business is located in Chesapeake, Virginia.

> [T]he citizenship of an LLC is determined by the citizenship of its members. And as with partnerships, where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC.

*Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (citing *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003) (quotation omitted).

Consequently, under *Zambelli*, the Court must look to the citizenship of the members of the LLC in order to determine citizenship of the LLC itself. 592 F.3d at 420. As per the Operating Agreement, the sole member of the LLC is Family Dollar Stores, Inc. Therefore, diversity depends on the citizenship of that corporation. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C.A. § 1332(c); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). The Operating Agreement notes that the Family Dollar Stores, Inc. is incorporated in Delaware, thereby making it a citizen of that state for purposes of ascertaining diversity. Accordingly, based upon the evidence before the Court, there is no indication that complete diversity is lacking. Nevertheless, the citizenship of a corporation may be established through both state of incorporation as well as principal place of business and the record is so far silent as to Family Dollar Stores, Inc.'s principal place of business. This creates the possibility that diversity may be defeated in the event it is shown that the company's principal place of business is located in Pennsylvania.

Without additional information, the Court cannot determine whether the elements of § 1332 have been met. While the Court is cognizant that the burden is on the party asserting diversity and that questions should be resolved in favor of remand, at this early point in the life of the case, it appears to be the more prudent course to allow for limited discovery as to the defendant's principal place of business and then allow Ms. Vargas to then refile her motion for remand if it appears that the jurisdictional elements have not been met.

4

### III.     CONCLUSION

The Court will therefore grant the plaintiff's motion to the extent that Ms. Vargas seeks additional discovery to determine the citizenship of Family Dollar Stores, Inc.  The Court will deny the motion to the extent it seeks immediate remand.

An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

5